IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CAMDEN VICINAGE

| RAYMOND M. MBAH<br>1356 Jackson St.<br>Camden, NJ 08104<br>               Plaintiff<br><br>v.<br><br>JANNEY MONTGOMERY SCOTT, LLC<br>1010 Kings Highway S.<br>2nd floor<br>Cherry Hill, NJ  08034<br><br>   and<br><br>MICHAEL BANNACH<br>c/o Janney Montgomery Scott, LLC<br>833 Chestnut St.<br>Philadelphia, PA 19107<br><br>              Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. |
|---|---|---|

## COMPLAINT

### The Parties

1. Plaintiff, Raymond M. Mbah is an adult, black, adult individual of African origin who currently resides at the above captioned address.

2. Defendant, Janet Montgomery Scott, LLC (hereinafter "JMS"), is business entity and limited liability company existing under the laws of the State of Delaware, with a registered office or place of business at the above captioned address and at all times material hereto was the employer of Plaintiff.

3. Defendant, Michael Bannach, (hereinafter "Defendant Bannach"), is an adult male individual who resides in the Commonwealth of Pennsylvania who works at the above captioned address.

4. At all times material hereto, Defendant Bannach was an employee and/or agent of Defendant JMS and at all times material hereto was acting and/or failing to act in the course and scope of his employment.

5. At all times material hereto Defendant Bannach was the direct supervisor of Plaintiff Mbah.

6. At all times material hereto, Defendant JMS knew of the discriminatory conduct of Defendant Bannach and other agents/employees and knew that the conduct was in violation of federal and state anti-discrimination laws.

7. Defendant JMS, despite knowing of the discriminatory treatment of Plaintiff Mbah by Defendant Bannach and other employees/agents, failed to take measures to remedy the discrimination.

8. At all times relevant, Defendant JMS, acted and/or failed to act by and through its agents, servants, workmen, and/or employees including Defendant Bannach who at all times material hereto was acting and/or failing to act in the course and scope of his agency and/or employment.

9. Defendant JMS is vicariously liable for the acts and omissions of its agents and/or employees, including Defendant Bannach, pursuant to the doctrine of Respondeat Superior.

## Jurisdiction and Venue

10. Subject matter jurisdiction is appropriate before this Court pursuant to 28 U.S.C. §1331 as Plaintiff has pleaded violations of Federal statute.

11. Personal jurisdiction is appropriate as Defendant JMS has the requisite contacts with the State of New Jersey.

12. Venue is proper before this Court District of New Jersey, Camden Vicinage, pursuant to 28 U.S.C. §1391 as Defendant JMS both resides and regularly conducts business in Camden County, New Jersey.

13. Plaintiff has exhausted his administrative remedies by duly filing a timely Charge with the State and Federal administrative agencies responsible for investigating discrimination. *See* ***Exhibit A.***

14. Plaintiff has received a Notice of Right to Sue from the EEOC. *See* **Exhibit B**.

## Summary of Facts

15. Plaintiff began his employment with Defendant JMS on 5/4/15.

16. Plaintiff was hired as a VOIP Engineer.

17. Plaintiff was one of five VOIP Engineers.

18. Plaintiff was the only black VOIP Engineer, and Plaintiff was the only VOIP Engineer of African origin.

19. The other VOIP Engineers were all Caucasian.

20. Plaintiff was exempt in his job, meaning his job consisted of completing tasks and not working a set number of hours in a given workday.

21. Beginning in June /July 2015, Plaintiff began to notice that he was being treated differently from the other Caucasian VOIP engineers.

22. Defendant Bannach initially singled out Plaintiff to attend weekly performance meetings.

23. The other Caucasian VOIP Engineers were not subject to weekly performance meetings.

24. Plaintiff was not permitted to use his phone during business hours, even when his phone usage was work-related.

25. The other Caucasian VOIP Engineers were permitted to use their phone during business hours.

26. Plaintiff was also not permitted to take short breaks, e.g. going out to pick up a cup of coffee.

27. The other Caucasian VOIP Engineers were permitted to take short breaks.

28. Plaintiff should have been permitted to use his phone and take short breaks as he was exempt in his job.

29. Moreover, there were no rules prohibiting phone usage or short breaks.

30. In November of 2015, Plaintiff was asked to complete a very specific task (hereinafter "the task") which was impossible to complete.

31. When Plaintiff informed Defendant Bannach that he was unable to complete the task it was reassigned to another VOIP Engineer—Christopher Bednarek, a Caucasian.

32. Mr. Bednarek was also unable to complete the task.

33. Plaintiff was fired on 11/10/15 for "poor performance" in whole or in part for being unable to complete the task.

34. Mr. Bednarek was not fired for being unable to complete the task.

35. Defendants have alleged that Plaintiff was fired for poor performance.

36. Any allegation by the Defendants of poor performance by the Plaintiff is pretextual.

**COUNT I**
**DISCRIMINATION—Disparate Treatment**
**Plaintiff v. Defendants**
<u>**Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.***</u>

37. Plaintiff hereby incorporates the preceding paragraphs as though set forth at length herein.

38. At all times material hereto Defendant JMS and Defendant Bannach were employers within the meaning of Title VII.

39. At all times material hereto Plaintiff was an employee within the meaning of the Title VII.

40. At all times material hereto the Defendant JMS was liable for the acts and/or omissions of its agents, servants, workmen, and/or employees including Defendant Bannach.

41. Plaintiff, as a black of African origin was a member of a protected class.

42. Plaintiff suffered intentional discrimination because he was black and of African origin.

43. Plaintiff suffered disparate treatment because he was black and of African origin.

44. The disparate treatment by the Defendant JMS and/or Defendant Bannach consisted of but is not limited to the following:

    a. Requiring Plaintiff to undergo weekly performance meetings;
    b. Not permitting Plaintiff to use his phone during business hours;
    c. Not permitting Plaintiff to take short breaks throughout the workday; and
    d. Terminating Plaintiff for poor performance when he could not complete the task.

45. The other Caucasian VOIP Engineers were not required to undergo weekly meetings, were permitted to use their phones during business hours, and were permitted to take short breaks.

46. Mr. Bednarek was not reprimanded for failing to complete the task which Plaintiff was, in whole or in part, fired for not being able to complete.

47. Plaintiff's race and/or national origin were determinative factors in the decision to terminate the Plaintiff.

48. Plaintiff was terminated.

49. Plaintiff's race and/or national origin were determinative factors in the decision to terminate the Plaintiff.

50. Defendants did not have a legitimate, non-discriminatory reason for terminating the Plaintiff.

51. Any allegations of "poor performance" on the part of the Defendants are pretextual.

52. Defendant JMS and Defendant Bannach acted with malice and reckless indifference to the rights of the Plaintiff to be free from discrimination and justifies an award of punitive damages.

53. As a result of Defendants' discrimination, Plaintiff has sustained loss of wages, loss of back pay, loss of earning power, emotional distress, painful embarrassment among family, friends, and co-workers, alienation from society, mental anguish, and other related injuries and harms.

WHEREFORE, Plaintiff, Raymond Mbah, demands that judgment be entered in his favor and against Defendants for all compensatory, equitable, and punitive damages recoverable as well as attorneys' fees and costs.

## COUNT II
### DISCRIMINATION—Disparate Treatment
### Plaintiff v. Defendants
### Pennsylvania Human Relation Act, 43 P.S. §§ 951-963 ("PHRA")

54. Plaintiff hereby incorporates the preceding paragraphs as though set forth at length herein.

55. At all times material hereto Defendant JMS and Defendant Bannach were employers within the meaning of the PHRA.

56. At all times material hereto Plaintiff was an employee within the meaning of the PHRA.

57. At all times material hereto the Defendant JMS was liable for the acts and/or omissions of its agents, servants, workmen, and/or employees including Defendant Bannach.

58. Plaintiff, as a black of African origin was a member of a protected class.

59. Plaintiff suffered intentional discrimination because he was black and of African origin.

60. Plaintiff suffered disparate treatment because he was black and of African origin.

61. The disparate treatment by the Defendant JMS and/or Defendant Bannach consisted of but is not limited to the following:

    a. Requiring Plaintiff to undergo weekly performance meetings;

    b. Not permitting Plaintiff to use his phone during business hours;

    c. Not permitting Plaintiff to take short breaks throughout the workday; and

    d. Terminating Plaintiff for poor performance when he could not complete the task.

62. The other Caucasian VOIP Engineers were not required to undergo weekly meetings, were permitted to use their phones during business hours, and were permitted to take short breaks.

63. Mr. Bednarek was not reprimanded for failing to complete the task which Plaintiff was, in whole or in part, fired for not being able to complete.

64. Plaintiff's race and/or national origin were determinative factors in the decision to terminate the Plaintiff.

65. Plaintiff was terminated.

66. Plaintiff's race and/or national origin were determinative factors in the decision to terminate the Plaintiff.

67. Defendants did not have a legitimate, non-discriminatory reason for terminating the Plaintiff.

68. Any allegations of "poor performance" on the part of the Defendants are pretextual.

69. Defendant JMS and Defendant Bannach acted with malice and reckless indifference to the rights of the Plaintiff to be free from discrimination and justifies an award of punitive damages.

70. As a result of Defendants' discrimination, Plaintiff has sustained loss of wages, loss of back pay, loss of earning power, emotional distress, painful embarrassment among family, friends,

and co-workers, alienation from society, mental anguish, and other related injuries and harms.

WHEREFORE, Plaintiff, Raymond Mbah, demands that judgment be entered in his favor and against Defendants for all compensatory, equitable, and punitive damages recoverable as well as attorneys' fees and costs.

**COUNT III**
**DISCRIMINATION—Disparate Treatment**
**Plaintiff v. Defendants**
**New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("LAD")**

71. Plaintiff hereby incorporates the preceding paragraphs as though set forth at length herein.

72. At all times material hereto Defendant JMS was an employer within the meaning of the LAD.

73. At all times material hereto Plaintiff was an employee within the meaning of the LAD.

74. At all times material hereto the Defendant JMS was liable for the acts and/or omissions of its agents, servants, workmen, and/or employees including Defendant Bannach.

75. At all times material hereto Defendant Bannach aided and abetted the discrimination by Defendant JMS.

76. Plaintiff, as a black of African origin was a member of a protected class.

77. Plaintiff suffered intentional discrimination because he was black and of African origin.

78. Plaintiff suffered disparate treatment because he was black and of African origin.

79. The disparate treatment by the Defendant JMS and/or Defendant Bannach consisted of but is not limited to the following:

    a. Requiring Plaintiff to undergo weekly performance meetings;

    b. Not permitting Plaintiff to use his phone during business hours;

    c. Not permitting Plaintiff to take short breaks throughout the workday; and

    d. Terminating Plaintiff for poor performance when he could not complete the task.

80. The other Caucasian VOIP Engineers were not required to undergo weekly meetings, were permitted to use their phones during business hours, and were permitted to take short breaks.

81. Mr. Bednarek was not reprimanded for failing to complete the task which Plaintiff was, in whole or in part, fired for not being able to complete.

82. Plaintiff's race and/or national origin were determinative factors in the decision to terminate the Plaintiff.

83. Plaintiff was terminated.

84. Plaintiff's race and/or national origin were determinative factors in the decision to terminate the Plaintiff.

85. Defendants did not have a legitimate, non-discriminatory reason for terminating the Plaintiff.

86. Any allegations of "poor performance" on the part of the Defendants are pretextual.

87. Defendant JMS and Defendant Bannach acted with malice and reckless indifference to the rights of the Plaintiff to be free from discrimination and justifies an award of punitive damages.

88. As a result of Defendants' discrimination, Plaintiff has sustained loss of wages, loss of back pay, loss of earning power, emotional distress, painful embarrassment among family, friends, and co-workers, alienation from society, mental anguish, and other related injuries and harms.

WHEREFORE, Plaintiff, Raymond Mbah, demands that judgment be entered in his favor and against Defendants for all compensatory, equitable, and punitive damages recoverable as well as attorneys' fees and costs.

## COUNT IV
### DISCRIMINATION—Hostile Work Environment
### Plaintiff v. Defendants
### Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*

89. Plaintiff hereby incorporates the preceding paragraphs as though set forth at length herein.

90. At all times material hereto Defendant JMS and Defendant Bannach were employers within the meaning of Title VII.

91. At all times material hereto Plaintiff was an employee within the meaning of the Title VII.

92. At all times material hereto the Defendant JMS was liable for the acts and/or omissions of its agents, servants, workmen, and/or employees including Defendant Bannach.

93. Plaintiff, as a black individual of African origin was a member of a protected class.

94. Plaintiff was subjected to harassment by Defendant Bannach because he was black and of African origin.

95. The harassment of the Plaintiff by Defendant Bannach was motivated by his race and national origin.

96. The harassment consisted of but is not limited to the following:
    a. Requiring Plaintiff to undergo weekly performance meetings;
    b. Not permitting Plaintiff to use his phone during business hours;
    c. Not permitting Plaintiff to take short breaks throughout the workday; and
    d. Terminating Plaintiff for poor performance when he could not complete the task.

97. The harassment was not welcomed by the Plaintiff.

98. The discrimination and harassment were severe and pervasive.

99. The discrimination would detrimentally affect a reasonable person in like circumstances.

100. A reasonable person in Plaintiff's circumstances would find the work environment hostile and abusive.

101. Plaintiff believed his work environment to be hostile and abusive as a result of Defendant Bannach's conduct.

102. Plaintiff suffered adverse employment actions as a result of the hostile work environment when he was terminated and subject to a different set of rules than other Caucasian employees similarly situated.

103. The Defendant JMS was aware of the discrimination and failed to take action(s) to stop the discrimination.

104. Defendant JMS and Defendant Bannach acted with malice and reckless indifference to the rights of the Plaintiff to be free from discrimination and justifies an award of punitive damages.

105. As a result of Defendants' discrimination, Plaintiff has sustained loss of wages, loss of back pay, loss of earning power, emotional distress, painful embarrassment among family, friends, and co-workers, alienation from society, mental anguish, and other related injuries and harms.

WHEREFORE, Plaintiff, Raymond Mbah, demands that judgment be entered in his favor and against Defendants for all compensatory, equitable, and punitive damages recoverable as well as attorneys' fees and costs.

## COUNT V
### DISCRIMINATION—Disparate Treatment
### Plaintiff v. Defendants
### Pennsylvania Human Relation Act, 43 P.S. §§ 951-963 ("PHRA")

106. Plaintiff hereby incorporates the preceding paragraphs as though set forth at length herein.

107. At all times material hereto Defendant JMS and Defendant Bannach were employers within the meaning of the PHRA.

108. At all times material hereto Plaintiff was an employee within the meaning of the PHRA.

109. At all times material hereto the Defendant JMS was liable for the acts and/or omissions of its agents, servants, workmen, and/or employees including Defendant Bannach.

110. Plaintiff, as a black individual of African origin was a member of a protected class.

111. Plaintiff was subjected to harassment by Defendant Bannach because he was black and of African origin.

112. The harassment of the Plaintiff by Defendant Bannach was motivated by his race and national origin.

113. The harassment consisted of but is not limited to the following:
    a. Requiring Plaintiff to undergo weekly performance meetings;
    b. Not permitting Plaintiff to use his phone during business hours;
    c. Not permitting Plaintiff to take short breaks throughout the workday; and
    d. Terminating Plaintiff for poor performance when he could not complete the task.

114. The harassment was not welcomed by the Plaintiff.

115. The discrimination and harassment were severe and pervasive.

116. The discrimination would detrimentally affect a reasonable person in like circumstances.

117. A reasonable person in Plaintiff's circumstances would find the work environment hostile and abusive.

118. Plaintiff believed his work environment to be hostile and abusive as a result of Defendant Bannach's conduct.

119. Plaintiff suffered adverse employment actions as a result of the hostile work environment when he was terminated and subject to a different set of rules than other Caucasian employees similarly situated.

120. The Defendant JMS was aware of the discrimination and failed to take action(s) to stop the discrimination.

121. Defendant JMS and Defendant Bannach acted with malice and reckless indifference to the rights of the Plaintiff to be free from discrimination and justifies an award of punitive damages.

122. As a result of Defendants' discrimination, Plaintiff has sustained loss of wages, loss of back pay, loss of earning power, emotional distress, painful embarrassment among family, friends, and co-workers, alienation from society, mental anguish, and other related injuries and harms.

WHEREFORE, Plaintiff, Raymond Mbah, demands that judgment be entered in his favor and against Defendants for all compensatory, equitable, and punitive damages recoverable as well as attorneys' fees and costs.

### COUNT VI
### DISCRIMINATION—Disparate Treatment
### Plaintiff v. Defendants
### New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("LAD")

123. Plaintiff hereby incorporates the preceding paragraphs as though set forth at length herein.

124. At all times material hereto Defendant JMS was an employer within the meaning of the LAD.

125. At all times material hereto Plaintiff was an employee within the meaning of the LAD.

126. At all times material hereto the Defendant JMS was liable for the acts and/or omissions of its agents, servants, workmen, and/or employees including Defendant Bannach.

127. Plaintiff, as a black individual of African origin was a member of a protected class.

128. Plaintiff was subjected to harassment by Defendant Bannach because he was black and of African origin.

129. The harassment of the Plaintiff by Defendant Bannach was motivated by his race and national origin.

130. The harassment consisted of but is not limited to the following:

   a. Requiring Plaintiff to undergo weekly performance meetings;

   b. Not permitting Plaintiff to use his phone during business hours;

   c. Not permitting Plaintiff to take short breaks throughout the workday; and

   d. Terminating Plaintiff for poor performance when he could not complete the task.

131. The harassment was not welcomed by the Plaintiff.

132. The discrimination and harassment were severe and pervasive.

133. The discrimination would detrimentally affect a reasonable person in like circumstances.

134. A reasonable person in Plaintiff's circumstances would find the work environment hostile and abusive.

135. Plaintiff believed his work environment to be hostile and abusive as a result of Defendant Bannach's conduct.

136. Plaintiff suffered adverse employment actions as a result of the hostile work environment when he was terminated and subject to a different set of rules than other Caucasian employees similarly situated.

137. The Defendant JMS was aware of the discrimination and failed to take action(s) to stop the discrimination.

138. Defendant JMS and Defendant Bannach acted with malice and reckless indifference to the rights of the Plaintiff to be free from discrimination and justifies an award of punitive damages.

139. As a result of Defendants' discrimination, Plaintiff has sustained loss of wages, loss of back pay, loss of earning power, emotional distress, painful embarrassment among family, friends, and co-workers, alienation from society, mental anguish, and other related injuries and harms.

WHEREFORE, Plaintiff, Raymond Mbah, demands that judgment be entered in his favor and against Defendants for all compensatory, equitable, and punitive damages recoverable as well as attorneys' fees and costs.

1/29/18
**DATE**

*/s/ Thomas More Holland*
**THOMAS MORE HOLLAND**
*Attorney for Plaintiff, Raymond Mbah*

*Exhibit A*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 530-2016-02763 |

Pennsylvania Human Relations Commission                                           and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Raymond M. Mbah | (973) 650-8480 | 07-14-1975 |

Street Address: 1356 Jackson St, Camden, NJ 08104
City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JANNEY MONTGOMERY SCOTT LLC | 500 or More | (215) 665-1357 |

Street Address: 833 Chestnut St, Philadelphia, PA 19107
City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2015    Latest: 11-10-2015
[ ] CONTINUING ACTION

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on May 4, 2015 as a VOIP Engineer and continued in that capacity until my discharge by the Respondent on November 10, 2015. I am a Black person of African national origin.

Beginning in June or July of 2015, I believe that I was singled out by my supervisor by being required to attend weekly performance meetings. At those meetings the feedback I received was generally positive and I believed that I was performing the duties of my position at a satisfactory level. However I also believe that despite the positive feedback I received at these meetings, my supervisor was sending negative reports concerning my performance to Human Resources to later justify discharging me.

To the best of my knowledge I am the only Black person among 4 other similarly situated coworkers in my work area, the only Black person of African national origin in that work location, and the only person singled out for weekly performance meetings. In addition, this same supervisor subjected me to arbitrary work rules concerning work and lunch breaks, not specified in company policy, that were not applied to the other similarly situated coworkers outside my protected group.

On November 10, 2015 I was discharged by the Respondent. The Respondent's reason for the discharge was poor performance and for being late to work, despite electronic records that will show that I was consistently on-time. It is my belief that the Respondent's stated reason for my discharge was a pretext for discriminating against me because of my race and national origin.

I allege that, under Title VII of the Civil Rights Act of 1964, as amended, the Respondent discriminated against me because of my race and national origin.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Jun 07, 2016

Charging Party Signature [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

*Exhibit B*

| EEOC Form 161-B (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Raymond M. Mbah<br>1356 Jackson St<br>Camden, NJ 08104 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

RECEIVED JAN 1 9 2018 BY:

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-02763 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____ 1/16/2018
Jamie R. Williamson, (Date Mailed)
District Director

Enclosures(s)

cc:  Peter Bilinsky                          Thomas More Holland, Esq.
     Vice President, Human Resources         1522 Locust Street, Grace Hall
     JANNEY MONTGOMERY SCOTT LLC             Philadelphia, PA 19102
     Corporate Headquarters
     1717 Arch Street
     Philadelphia, PA 19103

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*